**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-22250-UU

TAMMY FONS,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security
Administration,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Magistrate Judge O'Sullivan's Report and Recommendation (the "R&R"). D.E. 19.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons that follow, the R&R is respectfully REJECTED.

**I.     Background**[1]

This case arises from Plaintiff's application for Social Security Disability Insurance Benefits, filed on July 17, 2015, in which Plaintiff alleged a disability due to fibromyalgia, myalgic encephalomyelitis/chronic fatigue syndrome, and other impairments. D.E. 8, pp. 10–12. Plaintiff's claim was initially denied on February 10, 2016, and Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 7, 2017. *Id.* at 10. On September 4, 2018, upon review of Plaintiff's application disability insurance benefits, the ALJ decided that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social

---

[1] The facts of this case are well documented in the R&R. The Court, therefore, will not provide an extensive recount of the facts.

Security Act. *Id.* at 21. On April 1, 2019, the Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision, finding "no reason under our rules to review the [ALJ's] decision." *Id.* at 1. As such, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). *Id.*

On May 31, 2019, Plaintiff commenced this action seeking judicial review of the final decision of the Commissioner. D.E. 1. This matter was referred to Chief United States Magistrate Judge O'Sullivan, who recommended that Defendant's Motion for Summary Judgment (D.E. 15) be granted and Plaintiff's Motion for Summary Judgment (D.E. 14) be denied. D.E. 19. Plaintiff timely filed objections to the R&R, specifically arguing that 1) Magistrate Judge O'Sullivan's recommendation to affirm the ALJ's accordance of little weight to Dr. Vera Nunez should be rejected; 2) Magistrate Judge O'Sullivan's recommendation to affirm the ALJ's reliance on Dr. Bixler's opinion should be rejected; 3) Magistrate Judge O'Sullivan's recommendation to affirm the ALJ's evaluation of Ms. Fons' subjective complaints should be rejected. D.E. 27. Defendant elected not to file a response to Plaintiff's objections. *See* D.E. 22.

## II.     Legal Standard

Upon receipt of specific objections, a "United States District Judge shall make a *de novo* determination of those portions of the report." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006). This Court's review of factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g) (2006); *see Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996) (holding that the reviewing court must not reweigh the evidence or substitute its discretion). The Court "may not decide the facts anew, reweigh the evidence, or

substitute [its] judgment for that of the [ALJ]." *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 & n.8 (11th Cir. 2004)).

**III.    Analysis**

    A.  <u>Dr. Vera Nunez's Opinion</u>

As her first objection to the R&R, Plaintiff asserts that the "Magistrate Judge's recommendation to affirm the ALJ's accordance of little weight to Dr. Vera Nunez should be rejected." D.E. 20, p. 1. As Plaintiff's treating physician, the medical opinion of Dr. Vera Nunez generally is entitled to "substantial or considerable weight." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). With good cause, however, "an ALJ may disregard a treating physician's opinion, but [the ALJ] must clearly articulate the reasons for doing so." *Winschel*, 631 F.3d at 1179 (internal quotation marks and citation omitted). Good cause exists where: "(1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* A reviewing court should not "second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 823 (11th Cir. 2015).

Dr. Vera Nunez provided a sworn statement regarding Plaintiff's diagnosis and treatment on November 7, 2017. D.E. 8, pp. 987–1031. Dr. Vera Nunez explained that Plaintiff "has a diagnosis of chronic fatigue syndrome[/]myalgic encephalomyelitis," along with "fibromyalgia and autonomic dysfunction," and that Plaintiff has "Esptein-Barr virus, viral reactivation, immune dysfunction, and currently she's being evaluated for hyper igG4 related disease." *Id.* at 991. Dr.

Vera Nunez affirmatively testified that Plaintiff's condition has been worsening and that Plaintiff is "bed bound" and "only able to tolerate minimal amount of sitting up or standing up position, no longer than five minutes at a time." *Id.* at 1012.

In the ALJ's decision, the ALJ stated that she "gave little weight to the opinions of Dr. Vera Nunez" because Dr. Vera Nunez's "statements are not supported or consistent with the overall record." *Id.* at 19. In ostensible support for this determination, the ALJ reasoned that "[f]or the impairments [Plaintiff] has alleged and Dr. Vera-Nunez has evaluated, there exist very little in terms of objective findings." *Id*. As an addition basis for according little weight to Dr. Vera Nunez's opinion, the ALJ stated that Dr. Vera Nunez's reports were "inconsistent with other objective findings." *Id.*

The Court finds that the ALJ failed to provide sufficient reasons for giving "little weight" to Dr. Vera Nunez's opinion. As for the ALJ's first purported justification, the ALJ discounted the testimony of Plaintiff's treating physician due to a lack of objective evidence supporting her diagnoses and opinion. But a "lack of objective clinical findings is, at least in the case of fibromyalgia, . . . insufficient alone to support an ALJ's rejection of a treating physician's opinion as to the claimant's functional limitations." *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 64 (11th Cir. 2010); *see also Sarchat v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) ("[Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia."). Indeed, an ALJ errs by relying "on the absence of objective evidence of fibromyalgia to deny disability benefits." *Stewart v. Apfel*, No. 99-6132, 245 F.3d 793, 2000 U.S. App. LEXIS 33214 (11th Cir. Dec. 20, 2000); *see also Smith v. Astrue*, No. 10-CV-472, 2011 WL 5026218, at *20 (N.D. Fla. Sept. 16, 2011) ("It would be error to discount [the treating physician's]

opinion in reliance upon a lack of objective medical evidence to support Plaintiff's description of the degree of pain that she experiences from fibromyalgia.").

As for the ALJ's second basis for according little weight to Dr. Vera Nunez's opinion, that Dr. Vera Nunez's reports were "inconsistent with other objective findings," the ALJ offers only one example of any such inconsistency.  Specifically, the ALJ identifies that Dr. Vera Nunez's 2016 report, which documented that Plaintiff "had decreased strength in her upper and lower extremities and was not able to sustain physical activity for more than 5 seconds," was "highly inconsistent with [Plaintiff's] physical exam from only one month earlier, which documented no extremity weakness, gait disturbance or numbness, and normal – though painful – range of motion throughout." D.E. 8, p. 19.  However, Dr. Vera Nunez's report actually stated that Plaintiff could not sustain a ***grip*** for more than 5 seconds, not that Plaintiff was unable to sustain physical activity for more than 5 seconds.  *Id.* at 579.  This obvious mistake of fact undermines the ALJ's analysis as this is the single example the ALJ provides to illustrate apparent inconsistencies in Dr. Vera Nunez's reports.

Moreover, the Court is not persuaded that this one example provides the requisite good cause to discount Dr. Vera Nunez's opinion.  Dr. Vera Nunez's 2016 report is not directly inconsistent with the physical exam, especially considering that fibromyalgia "can wax and wane so that a person may have bad days and good days."  *Kullman v. Berryhill*, No. 17-CV-382, 2018 WL 4101009, at *9 (M.D. Fla. Aug. 12, 2018) (internal quotation marks and citation omitted). The Court thus finds that this inconsistency does not constitute good cause for not giving substantial weight to Dr. Vera Nunez's opinion.

Accordingly, the ALJ did not articulate sufficient reasons for affording little weight to the opinion of Plaintiff's treating physician.  On remand, the ALJ shall re-evaluate and either clearly

articulate sufficient justifications for discounting Dr. Vera Nunez's opinion in light of the unique nature of fibromyalgia, or in the alternative, the ALJ may accord Dr. Vera Nunez's opinion the substantial or considerable weight to which a treating physician's opinion is generally entitled.

    B.   Dr. Bixler's Opinion

Turning to Plaintiff's second objection, Plaintiff argues that "the Magistrate Judge's Recommendation to affirm the ALJ's reliance on Dr. Bixler's opinion should be rejected." D.E. 20, p. 3. In general, the opinion of an examining physician is "entitled to more weight than the opinion of a non-examining physician." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). But it is not improper for an ALJ to rely on the opinion of a non-examining, non-treating physician, such as Dr. Bixler, "as long as the opinion of the treating physician is accorded proper weight." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In other words, an ALJ does not err by crediting the opinion of a non-examining physician over the opinion of a treating physician when good cause is stated for discounting the treating physician's opinion. *Id.*

Given the Court's finding that the ALJ did not establish the requisite good cause for discounting Dr. Vera Nunez's opinion, the Court will sustain Plaintiff's objection with respect to Dr. Bixler's opinion. On remand, the ALJ shall re-evaluate and accord proper weight to the opinion of Dr. Bixler.

    C.   The ALJ's Evaluations of Plaintiff's Subjective Complaints

For her final objection, Plaintiff argues that "the Magistrate Judge's recommendation to affirm the ALJ's evaluation of [Plaintiff's] subjective complaints should be rejected." D.E. 20, p. 3. When a plaintiff alleges "subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly articulate explicit and adequate reasons for discrediting the [plaintiff's] allegations of disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

(internal quotation marks omitted).  The Eleventh Circuit does not require an explicit finding as to the plaintiff's credibility, but "the implication must be obvious to the reviewing court." *Id.*  The ALJ's credibility determination "does not need to cite particular phrases of formulations but it cannot merely be a broad rejection which is not enough to enable [the Court] to conclude that the ALJ considered her medical condition as a whole." *Id.* (internal quotation marks omitted).

In the decision, the ALJ stated that although Plaintiff "has medically determinable severe impairments, these impairments do not cause the degree of limitations alleged by [Plaintiff]," and that Plaintiff's described limitations were "so extreme as to be implausible." D.E. 8, p. 18.  In support of this determination, the ALJ found the "record contains substantial evidence of [Plaintiff's] subjective reporting regarding fibromyalgia, chronic fatigue and other symptoms, but very little in terms of objective findings," and that "the record regarding the degree of [Plaintiff's] limitations . . . appears based largely on [Plaintiff's] own reporting." *Id.*  The ALJ noted that Plaintiff's "subjective complaints are found to be somewhat exaggerated." *Id.*  Further, the ALJ stated that the inconsistencies in the record, "in combination with the minimal objective evidence or physical exam findings render the extreme limitations less persuasive." *Id.*

The Court finds that the ALJ failed to provide "explicit and adequate reasons" for discrediting Plaintiff's subjective complaints.  The ALJ conceded that the record contained substantial evidence of Plaintiff's reporting of fibromyalgia and chronic fatigue syndrome, but rejected Plaintiff's subjective complaints due to a purported lack of objective evidence supporting Plaintiff's alleged limitations.  As explained above, however, the "hallmark of fibromyalgia is . . . a lack of objective evidence." *Somogy*, 366 F. App'x at 63 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).  And "[g]iven the nature of fibromyalgia, a claimant's subjective complaints of pain are often the only means of determining the severity of a patient's condition

and the functional limitations caused thereby." *Id.* at 64.  As such, when evaluating fibromyalgia, an "over-emphasis upon objective findings [is] inappropriate." *Rogers v. Comm's Soc. Sec.*, 486 F.3d 234, 248 (11th Cir. 2007).

Other than a lack of objective medical findings, there is nothing in the record to suggest that Plaintiff did not suffer the degree of impairment she reported.  The ALJ's broad rejection of Plaintiff's subjective complaints erroneously based on a lack of objective findings is therefore inappropriate.  On remand, the ALJ must re-assess Plaintiff's subjective complaints and, if appropriate, provide sufficient reasons and readily identifiable evidentiary support for discrediting Plaintiff's allegations of disabling symptoms.

## IV.   Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the R&R (D.E. 19) is respectfully REJECTED.  It is further

ORDERED AND ADJUDGED Defendant's Motion for Summary Judgment (D.E. 15) is DENIED, and Plaintiff's Motion for Summary Judgment (D.E. 14) is GRANTED IN PART.  It is further

ORDERED AND ADJUDGED that this case is REMANDED to the ALJ for proceedings consistent with this Order pursuant to 42 U.S.C. 405(g). Nothing in this Order shall be construed as an opinion by this Court on the result that the ALJ should reach upon remand.  It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case.  All pending hearings and deadlines are CANCELLED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this _25th_ day of August, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record